IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,  :

    Plaintiff,  :

  v.  :  Case No. 2:06-mj-212

Deuvaul M. Butler,  :  MAGISTRATE JUDGE KEMP

    Defendant.  :

DETENTION ORDER

    The Court held a detention hearing in this case on April 16, 2008. No evidence was presented at the hearing. After hearing argument, the Court detained the defendant without bond. The reasons for that action are set forth below.

    Defendant was charged in a criminal complaint filed on May 16, 2006, with possessing cocaine base with the intent to distribute it, and with possession of a firearm by a convicted felon and in relation to a drug trafficking offense. He waived his preliminary hearing so that there is probable cause to believe that he committed these offenses. Two of the charges, the crack cocaine charge and the related firearms charge (but not the felon in possession charge) carry with them a presumption of detention, explained as follows.

    <u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the

> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through

the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The defendant did not rebut the presumption that is created by his indictment on serious drug charges.  According to the Pretrial Services report, although the defendant has family ties to the Columbus area, he has little, if any, verifiable employment history.  He has a lengthy criminal record dating back to 1996, when he was 20 years old.  He has been convicted of a misdemeanor firearms offense, a felony receiving stolen property offense, carrying a concealed weapon, felonious assault, and felony possession of drugs.  He has failed to appear in court on numerous occasions, and appears to have committed some of these offenses while serving a sentence of community control.  He has spent at least four of the past seven years in jail, and incurred a new drug felony conviction after he was aware of the instant

charges.  Although his counsel proffered that there is a residence available where he could be placed on electronic monitoring and that he has a standing job offer, those factors were not enough to offset the presumption and the added weight given to his criminal history.  For all of these reasons, the Court detained the defendant without bond pending trial.

The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge